Order Form (01/2005)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7448 | **DATE** | 5/16/2011 |
| **CASE TITLE** | Vogel vs. Sysco Guest Supply, LLC | | |

### DOCKET ENTRY TEXT

The case is remanded to state court.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

    Federal courts must police their jurisdiction. <u>Kreuger v. Cartwright</u>, 996 F.2d 928, 930-31 (7th Cir. 1993). The party invoking jurisdiction has the burden of demonstrating it exists. <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 427 (7th Cir. 1997). Here, that party is Defendant Sysco Guest Supply, LLC ("Sysco"). Plaintiff Jason Vogel ("Vogel") sued Sysco in the Circuit Court of DuPage County, Illinois, on October 23, 2009. Vogel alleges two counts of retaliatory discharge under state law. Sysco filed its first Notice of Removal on November 30, 2009, pleading jurisdiction under 28 U.S.C. § 1332. Sysco filed its first amended notice April 14, 2010, and its second amended notice August 13, 2010. Vogel contends jurisdictional deficiencies remain. It appears Sysco has properly pled complete diversity, averring that, as a limited liability company, its sole member, a corporation, is a citizen of Delaware and Texas, whereas Vogel is a citizen of Illinois. But because the amount in controversy required by § 1332 remains unsatisfied, the court lacks jurisdiction. For the reasons set forth below, the case is remanded to state court.
    "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." <u>Schur v. L.A. Weight Loss Ctrs., Inc.</u>, 577 F.3d 752, 758 (7th Cir. 2009) (citing <u>Doe v. Allied-Signal, Inc.</u>, 985 F.2d 908, 911 (7th Cir. 1993)). The § 1332 amount in controversy "is the amount required to satisfy the plantiff's demands in full" and is measured "in the event of removal, on the day the suit was removed." <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506, 510-11 (7th Cir. 2006). For a defendant, "[t]hat is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." <u>Id.</u> at 511 (citations and quotations omitted). Courts address this problem with a burden-shifting mechanism. If, by a preponderance of the evidence, the defendant makes a plausible, good-faith "estimate of the stakes," the requisite amount in controversy may be established. <u>Id.</u>; see <u>BEM I, LLC v. Anthropologie, Inc.</u>, 301 F.3d 548, 553 (7th Cir. 2002) ("[T]he jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit."). Once a defendant has made such a showing, "the plaintiff can defeat jurisdiction

09C7448 Vogel vs. Sysco Guest Supply      Page 1 of 2

| STATEMENT |
|---|

only if it appears to a logical certainty that the claim is really for less than the jurisdictional amount." Oshana, 472 F.3d at 511.

In Oshana, the named class member sued Coca-Cola Company in Illinois state court requesting, among other things, disgorged profits from Diet Coke sales in Illinois, which "stretched into the millions." Id. at 511-12 (Oshana predated the Class Action Fairness Act). Oshana's state complaint expressly disclaimed diversity jurisdiction in federal court, yet in answer to Coke's interrogatories Oshana refused to admit she would not seek $75,000-plus. Id. The § 1332 amount was satisfied based on "Coke's good-faith belief that the amount in controversy exceeded $75,000, facts suggesting the amount Oshana sought may exceed $75,000, and Oshana's refusal to say anything." Id. The Seventh Circuit observed that Oshana was "playing a cat and mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount." Id.

Sysco contends Oshana controls here, but its unique facts have distinguished Oshana in at least two district courts in this circuit. In Vasquez v. CSX Transportation, Inc., the plaintiff's defamation suit sought compensatory and exemplary damages "in excess of $50,000." No. 08 C 5996, 2009 WL 1953052, at *1 (N.D. Ill. July 1, 2009) (remanding). Unlike in Oshana, Vasquez had not, at the time of removal, stipulated to less than $75,000, though he did offer to do so later. Vasquez also made a $70,000 settlement demand. Id. at *2. The district court held that on these facts, the inference of a requisite jurisdictional amount was weaker than in Oshana and the defendant did not meet its burden. Id. Similarly, the plaintiff in Willyard v. Wal-Mart Stores, Inc. sought damages "in excess of $50,000," though for physical injuries "severe" and "permanent," and expressly refused to stipulate to less than $75,000. No. 08-cv-492-DRH, 2009 WL 303636, at *2-3 (S.D. Ill. Feb. 6, 2009) (remanding). Addressing the thrust of a stipulation under Oshana, the district court held that "the Seventh Circuit has never held that the inference is dispositive." Id. at *3. As in Vasquez, the Willyard court held that the defendant failed to carry its burden. Id. at *3-4.

The foregoing line of reasoning applies here. As in Vasquez and Willyard, Vogel expressly sought "in excess of $50,000" but never disclaimed $75,000-plus at the time of remand. It is this initial disclaimer, combined with the later refusal to stipulate, that created the jurisdictional "cat-and-mouse" game the Seventh Circuit criticized in Oshana. As in Willyard, Vogel does not, after remand, stipulate to a $75,000 damages cap. However, in response to Sysco's interrogatories, Vogel calculated actual damages from August 2009 to May 2010, a marked departure from Oshana, where the party "refuse[d] to say anything."

Vogel's damages so far are just $20,563. Because removal occurred November 30, 2009, the amount in controversy is calculated as of that time. Vogel's calculation adding six more months of damages, then, is not dispositive of the amount. Nor is it inconsistent with the plaintiff's belief that the "stakes" exceed $50,000. See BEM I, LLC, 301 F.3d at 552 ("Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the amount in controversy, can be considered in deciding what that original amount in controversy was."). If anything, the $20,563 amount suggests Vogel's $50,000-plus estimate of the stakes in his state complaint was a bit high.

The court concludes Sysco's allegation of $75,000-plus in controversy, while plausible, is not supported by a preponderance of the evidence. Vogel's failure to stipulate to a $75,000 damages cap creates some inference Vogel may believe the case is worth more. But the face of the state court complaint does not. And Vogel's express admission of damages just cresting $20,000 contradicts and overcomes any inference. Moreover, Vogel earned $25,000 annually, unlike damages that "stretched into the millions" in Oshana. The court is not persuaded by authority Sysco cites where, unlike Vogel, a party both admitted its damages could exceed $75,000 and offered to accept a $75,000 settlement. O'Hern v. Layton, No. 08 c 4934, 2008 WL 5100460, at *1 (N.D. Ill. Dec. 1, 2008) (§ 1332 amount satisfied). Sysco has not carried its burden, leaving this court without jurisdiction under § 1332. The case is remanded to state court.

IT IS SO ORDERED.